McFarland, J.,
delivered the opinion of the court:
Sims, living in Alabama, near the Tennessee line, executed a mortgage, which, among other provisions, conveyed to Ashworth two mules to secure a debt due the latter, with a power in Ashworth, if the debt was not paid at maturity, to take possession of the mules and sell them, either in *41 Huntsville or on tbe premises, on certain notice specified. Tbe debt not being paid, Asbwortb, having possession of tbe mules, advertised them as directed by tbe deed, for sale in Huntsville. On tbe day fused for tbe sale, both parties being present at -Huntsville, Sims -requested tbat tbe sale should be postponed, and promised tbat if Asbwortb would take tbe mules to bis own bouse, a short distance on tbe Tennessee side of tbe line, be, Sims, would be up in a “day or two” and pay off tbe debt. Tbis was agreed, to, and Asbwortb brought tbe mules to bis own bouse in Tennessee. Sims did not comply with bis promise, but sent word to Asbwortb be would be up in a few days, but failing to come, Asbwortb sued out an attachment in this state, before a justice of tbe peace, upon tbe debt mentioned and secured in tbe mortgage, against Sims as a nonresident; bad tbe -attachment levied on tbe mules, and bad tbis proceeding prosecuted to final judgment in bis favor. Tbe mules, however, were sold pending tbe proceedings, upon tbe order of tbe magistrate, as perishable property, and were bought by Asbwortb. Afterwards, Sims brought tbis action of replevin against Asbwortb to recover tbe two mules. Tbe verdict in tbe circuit court was for tbe defendant. One of tbe mules having died pending tbe action, tbe usual judgment was given for the value and return of tbe other. Sims prosecuted an appeal in error. The questions principally relied upon in tbe judgment are as to tbe validity of tbe attachment proceeding, it being agreed that those proceedings were not sufficiently proved to give tbe magistrates jurisdiction and make bis judgment valid; and, further, that tbe proceedings were fraudulent and void, because of tbe manner in which tbe property was brought from Alabama into this state. For tbis latter position, tbe case of Timmons v. Garrison, 4 Hum., 148, is relied upon.
Tbe circuit judge held tbe attachment proceeding sufficiently formal to be -valid, and left it to tbe jury to determine whether the purpose for which tbe property was *42 brought to this state by Ashworth was fraudulent or not, holding that if the property was brought to this state in compliance with the agreement made, and in good faith upon the part of Ashworth, that the attachment proceeding would not be void. We should probably hold with the circuit judge that the attachment proceedings are in substantial compliance with our statute, and that the objections taken by the counsel for plaintiff Sims are not valid; but we think a more serious question as to the effect of those proceedings is, whether or not Sims, the defendant in the attachment, had at the time any interest in the mules attachable at law. The title to the mules was not in him, but in Ashworth, the plaintiff; and, although Sims had an equitable title, it may be a matter of doubt if such title was attachable at law.
But we deem it unnecessary to pursue this or any of the questions made by the counsel for the plaintiff; for, in our opinion, upon the undisputed facts, and upon the plaintiffs 'own showing, he cannot reverse in this case. The title to the mules was, by the mortgage," in Ashworth, and by its terms also he was entitled to the possession; and, further, by the express agreement of the parties, Ashworth was to hold the possession until the plaintiff should “come up’’ and pay the debt, and regarding the attachment as entirely out of the way, the plaintiff, Sims, was not entitled at the commencement of this action to recover the mules of Ash-worth. Sims may have had the right in equity to compel Ashworth to pursue the terms of the mortgage, bujfc he did not have the right, as against Ashworth, to recover back the mules .by an action of replevin, even conceding that Ashworth was acting in violation of the trust, and that the attachment proceeding ivas void.
The plaintiff neither had the title or right-of possession when his action ivas commenced.
The judgment of the circuit court will, therefore, be affirmed.